

FILED

3:55 pm, 11/30/22

Margaret Botkins
Clerk of Court

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff, | |
| vs. | Case Number: 22-CR-144-SWS |
| NATHAN LUCAS HEIBECK | |
| Defendant. | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)   The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)   The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)   The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at Casper Courtroom 2 on January 30, 2023 at 9:00 AM.

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(4)   The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

(5)   The defendant executes an unsecured bond binding the defendant to pay the United States the sum of Twenty Five Thousand dollars, ($25,000.00) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

WY 90

Rev. 06/02/2022

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, it is FURTHER ORDERED the release of the defendant is subject to the conditions marked below:

(6) The defendant shall:

be released once the defendant's father, Dwight Heibeck, arrives at the detention facility;

report to the U.S. Probation Office by phone, once Dwight Heibeck arrives at the detention facility, before defendant leaves for Rawlins;

reside at East Buffalo Street, Rawlins, Wyoming 82301, unless approved to move in advance by the U.S. Probation Officer;

not violate any local, state or federal law. He shall report any contact with law enforcement to the U.S. Probation Officer within 24 hours of the contact;

report to the U.S. Probation Office as directed;

not travel outside of the District of Wyoming without prior permission from the U.S. Probation Officer;

refrain from the excessive use of alcohol and shall not use other intoxicants including over-the-counter medications used contrary to the recommended dosage, or the intentional inhalation of any substance, prescribed or otherwise, without the permission of the U.S. Probation Officer;

refrain from the use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

submit to drug and alcohol testing as directed by the U.S. Probation Officer. The defendant shall not obstruct or attempt to obstruct or tamper with, in any fashion, the collection, efficiency and accuracy of any substance abuse testing which is required as a condition of release;

not use or possess any computer not authorized by the U.S. Probation Officer. The defendant shall consent to having installed on his computer(s), at his own expense, any hardware or software systems to monitor computer use. The defendant may be limited to possessing only one personal internet capable device, to facilitate effective monitoring of his internet related activities. The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of his computer(s), hardware, software, and other electronic devices, which may include retrieval and copying of all data from his computer(s). This also includes the removal of such equipment if necessary for the purpose of conducting a more thorough

inspection or investigation. The defendant shall agree to sign and abide by the forensic intake agreement and the computer use agreement provided by the U.S. Probation Office. For the purposes of this condition, the term computer is defined at 18 U.S.C. § 1030(e), which includes, but is not limited to, traditional computers (Windows/Apple/Linux based machines), cellular phones, internet tablets, and game machines and related accessories;

not possess, send, or receive any visual depictions of sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A) and (B), if the materials taken as a whole, are primarily designed to arouse sexual desire. The defendant shall not possess, send, or receive, any material constituting or containing child pornography as defined in 18 U.S.C. § 2256(8), or any material constituting or containing the obscene visual representation of the sexual abuse of children as defined in 18 U.S.C. § 1466A. The defendant shall not visit bulletin boards, chat rooms, or other Internet sites where any material referenced above is discussed;

not have any unsupervised contact with any minor child under the age of 18 years old, unless prior permission is granted by his supervising officer. All contacts with minor children must be in the presence of another responsible adult approved by the U.S. Probation Officer;

submit to a search of person, residence, vehicle, computer, and/or office based upon reasonable suspicion of a violation of the conditions of release;

allow the U.S. Probation Officer to visit the defendant at any time at his home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's pretrial release that he or she observes in plain view;

not access, own, use, or possess any firearm, ammunition or dangerous weapon. All firearms, weapons, and ammunition shall be removed from the residence prior to the defendant's arrival;

be on location monitoring with electronic monitoring and shall abide by all technology requirements. The telephone line used for electronic monitoring shall not have any special features or services that may interfere with the functioning of the location monitoring equipment. The defendant shall comply with a schedule established by the supervising officer. The defendant shall comply with a curfew of 8:00 p.m. to 6:00 a.m., with the exception of employment purposes and for any other activities approved of in advance by the U.S. Probation Officer. The defendant shall pay all or part of the costs of participation in the location monitoring program as ordered by the Court and as directed by the U.S. Probation Officer;

not obtain or attempt to obtain a passport while this case is pending;

obtain and maintain full-time employment of 35 hours per week. He shall provide documentation of any employment to the U.S. Probation Officer.

Order Setting Conditions of Release
22-CR-144-SWS

## Advice of Penalties and Sanctions

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years imprisonment and a $250,000 fine to tamper with a witness, victim, or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

x _[signature]_                                     Rawlins WY 82301
Signature of Defendant                              City/State/Zip

## Direction to the United States Marshal

- The defendant is ORDERED released after processing.

Dated this 30th day of November, 2022.

_[signature]_
Kelly H. Rankin
Chief United States Magistrate Judge